# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| RAYMUNDO GOMEZ AND JESUS ESPINOSA, individuals, | ) <br> ) <br> ) Civil Action Number: 3:15-CV-121 |
| Plaintiffs | ) <br> ) |
| v. | ) FLSA Action <br> ) Jury Trial Demanded |
| ADAMS TILE & TERRAZZO, INC., a Georgia Corporation, REUBEN ADAMS, an individual and SCOTT ADAMS, an individual, | ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

## COMPLAINT

COMES NOW Plaintiffs Raymundo Gomez and Jesus Espinosa (collectively "Plaintiffs") by and through their undersigned counsel, and files this Compliant against Defendants Adams Title & Terrazzo, Inc. (hereinafter "Defendant Adams Tile"), Reuben Adams (hereinafter "Defendant R. Adams), and Scott Adams (hereinafter "Defendant S. Adams") (collectively "Defendants"), pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

# INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), and specifically the provisions of the FLSA found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiffs, of their lawful overtime wages.

2. This action is brought to recover unpaid overtime compensation owed to Plaintiffs, pursuant to the FLSA.

3. Plaintiffs were formerly opt-in Plaintiffs in 3:14-cv-00114-CAR, *Godburn v. ADAMS TILE & TERRAZZO, INC., et al,*, an FLSA overtime collection complaint.

4. The Court in that case, in its Order of November 20, 2015, wrote in part as follows:

> Opt-In Plaintiffs Raymundo Gomez and Jesus Espinoza are hereby dismissed,without prejudice, from this Civil Action, and the applicable statute of limitations under the FLSA for each of their claims, if any, pursuant to the FLSA are judicially tolled from the respective dates of the filings of their consents to join this action through and including thirty (30) days from entry of this Order.

3:14-cv-00114-CAR, *Godburn  v. ADAMS TILE & TERRAZZO, INC., et al,*, [34]

5. Plaintiff Raymundo Gomez's ("Gomez") consent to join that case was filed on February 19, 2015 [10].

6. Plaintiff Jesus Espinoza's ("Espinoza") consent to join that case was filed on February 19, 2015 [9].

7. Gomez was employed by Defendants from on or about May, 2006 until April, 2015.

8. Espinoza was employed by Defendants for about eight years ending in April of 2015.

9. Since at least three years prior to the filing of Plaintiffs' Consents to Join case 3:14-cv-00114-CAR, *Godburn v. ADAMS TILE & TERRAZZO, INC., et al,*, [34], Defendants committed violations of the FLSA by failing to compensate Plaintiffs at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

10. Plaintiffs seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

12. Venue is proper in the Middle District of Georgia pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to the claims occurred within the State of Georgia and the jurisdiction of this Court and because Defendant Adams Tile has its principal office in this District and Defendants are subject to personal jurisdiction in this District.

## PARTIES

13. Plaintiffs reside in Athens, Georgia.

14. At all times material to this action, the Plaintiffs were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. These same individuals are further covered by §§ 203 and 207 of the FLSA for the period in which they were employed by Defendants.

15. Defendant Adams Tile is a corporation formed under the laws of the State of Georgia and operates a tile and terrazzo flooring business with its principal place of business at 1101 Old Creek Road, Suite B1, Athens, Georgia 30607.

16. Defendant R. Adams is the CEO and Secretary of Defendant Adams Tile.

17. Defendant S. Adams is the CFO of Defendant Adams Tile.

18. Defendants conduct business within this State and District.

19. Defendants maintained either actual or constructive control, oversight and direction of Defendants' business, including the employment and pay and other practices of those operations of Plaintiffs and others similarly situated.

20. Defendant Adams Tile is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Defendant S. Adams, 377 Adams Hill Road, Nicholson, Georgia 30565.

21. Defendant R. Adams is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 324 Adams Hill Road, Nicholson, Georgia 30565.

22. Defendant S. Adams is subject to personal jurisdiction in the state of Georgia for purposes of this lawsuit and can be served at 377 Adams Hill Road, Nicholson, Georgia 30565.

23. At all times material to this action, pursuant to 29 U.S.C. § 207, Plaintiff and those similarly situated were employees who in any workweek were engaged in commerce or the production of goods for commerce and Defendant Adams Tile was an enterprise engaged in commerce or in the production of goods for

commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

24. At all times material to this action, Defendants were "employers" of Plaintiff s as defined by § 203(d) of the FLSA.

25. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

26. At all times relevant to this action, Plaintiffs primary duties were to function as "punch-out" crew members for the flooring that was installed by other crew members of Defendants at the locations of Defendants' customers.

27. Defendants' customers are located at least throughout the southeast United States and the Plaintiffs traveled to Defendants' customers to repair the flooring bought by the customer.

28. One of Defendants' customers was Publix supermarkets.

29. Defendants assigned a group of workers to a particular project and the workers traveled to the customer's location and made repairs to the flooring previously installed by other crews of Defendants.

30. Defendants compensated Plaintiffs on an hourly basis.

31. At all times relevant to this action, Plaintiffs were non-exempt employees for purposes of overtime compensation.

32. Defendants required Plaintiffs to regularly work in excess of forty hours per week.

33. However, Defendants only compensated Plaintiffs at their regular hourly rate for all hours including all hours over forty in a workweek.

34. Defendants did not compensate Plaintiffs at a rate of one and one-half times their regular rate for all hours over forty in a workweek.

35. Defendants had a policy and/or practice of not compensating Plaintiffs at a rate of time and one-half for hours worked over forty per workweek.

36. Defendants were aware that Plaintiffs worked more than forty hours each workweek as Defendants maintained time records of the employee's work.

37. Defendants were aware that under the FLSA, Plaintiffs were entitled to a rate of pay of time and one-half for all hours over forty in a workweek.

38. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiffs.

39. Defendants failed to meet the requirements for paying Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed, at

which they were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

40. Defendants are liable to Plaintiffs for compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times their regular rate at which they were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

41. By reason of the said intentional, willful, reckless and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

42. This cause of action arises out of a willful and or reckless violation of the FLSA and is commenced within three years after the cause of action accrued.

43. As a result of Defendants' failure to act with good faith in compensating Plaintiffs, the employees are entitled to liquidated damages.

44. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant 29 U.S.C. § 216(b), they are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

45. Plaintiffs demands a jury trial.

## COUNT I

46. Plaintiffs repeat and incorporate by reference all preceding Paragraphs. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

47. Defendants have willfully and intentionally engaged in a pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay overtime wage compensation to Plaintiffs in accordance with §§ 203 and 207 of the FLSA.

48. As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive overtime wages in accordance with §§ 203 and 207 of the FLSA.

49. Defendants have not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiffs.

50. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial and are entitled to recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation and relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. That Plaintiffs be awarded damages plus an equal amount of liquidated damages;

B. That Plaintiffs be awarded reasonable attorneys' fees;

C. That Plaintiffs be awarded the costs and expenses of this action;

D. That Plaintiffs be awarded judgment in their favors; and

E. That Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 20th day of December, 2015.

MARTIN & MARTIN, LLP
By: /s/Thomas F. Martin
Thomas F. Martin

tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-10170
(770) 344-7267
(770) 837–2678 Fax